# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JERMAINE PICKETT,

    Plaintiff,

VS.

                         **7 : 09-CV-22 (HL)**

NURSES HOWARD and COLE,

    Defendants.

## RECOMMENDATION

The Plaintiff filed this action in February 2009, raising claims of deliberate indifference to serious medical needs. (Doc. 2). Presently pending herein is the Defendants' Motion for Summary Judgment. (Doc. 29). The Court notified the Plaintiff of the filing of the Defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. (Doc. 33).

**Background**

The Plaintiff filed this action on February 13, 2009, raising allegations of deliberate indifference to serious medical needs by the Defendants, who are nurses on staff at the Irwin County Detention Center. According to Plaintiff's complaint and his deposition testimony, Plaintiff was confined at the Irwin County Detention Center during portions of January and February 2009. Plaintiff maintains that while in the shower at the Irwin County Detention Center on February 6, 2009, he was burned by scalding water and then fell, suffering burns to his face as a result of the water temperature and a shoulder injury as a result of the fall. Plaintiff claims that he informed Defendant Nurse Howard of his injuries and of his need for medical attention at the evening pill call

on February 6th, but that Nurse Howard took no action. Plaintiff submitted sick call requests on February 7th and 8th. On February 9th, the Plaintiff saw another nurse, who provided the Plaintiff with an icepack for his shoulder. Plaintiff was seen by Defendant Nurse Cole on February 10th and, after evaluating his complaints, Nurse Cole sent Plaintiff to the local hospital for x-rays, which showed negative results. Defendant Cole informed the Plaintiff of these results later in the day on February 10th. Plaintiff received ointment for his skin on February 11th, and pain medication and a muscle relaxer on February 12th, which he received twice per day until February 16th. On February 17, 2009, the Plaintiff was transferred from the Irwin County Detention Center to Williamsburg Federal Correctional Institution in Salters, South Carolina.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at

323. In response, the non-movant cannot simply rest on the assertions in his pleadings, but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Rule 56).

**Discussion**

In their Motion for Summary Judgment, the Defendants argue initially that the Plaintiff did not suffer from an objectively serious medical need and that without such a need, no official could have acted with deliberate indifference thereto. The Defendants further argue that the Plaintiff has failed to place into the record any verifiable medical evidence regarding delay and its effects on his treatment, and that Plaintiff did in fact receive medical care. In arguing that they are entitled to the entry of summary judgment, the Defendants rely on affidavits, as well as the deposition testimony of the Plaintiff.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

The Defendants have established through the affidavits of Defendant Nurse Cole, Defendant

Nurse Howard, and Nurse Tamara Leverette, as well as by reference to the Plaintiff's deposition testimony, that the Plaintiff received medical care for his alleged injuries and that neither Defendant Cole nor Defendant Howard denied Plaintiff medical care for any alleged injuries or conditions about which they had knowledge during the time period in question. (Docs. 29, 30). In her affidavit, Nurse Howard testifies that she delivered the "pill call" to inmates, including the Plaintiff, on the evening of February 6th, and that Plaintiff made no claim or request regarding injuries sustained in the shower at that time. (Doc. 29, Exh. B, ¶¶ 6, 7). Nurse Howard further states that the Defendant did not appear to be injured in any way and that he received his previously-prescribed pain medication during the February 6th pill call. *Id.* Defendant Nurse Cole testifies by means of affidavit that Plaintiff presented to her during the February 10, 2009 pill call, complaining of a sore shoulder. (Doc. 29, Exh. A, ¶ 5). Nurse Cole examined the Plaintiff and then arranged for his transport to the local hospital for x-rays of his shoulder, which were "negative". *Id.* at ¶ 6. Nurse Cole observed a small area of pink skin on Plaintiff's forehead, "similar to a sunburn", and arranged for Plaintiff to receive pain medication and Silvadene cream. *Id.* at ¶¶ 7, 8.

Nurse Tamara Leverette, also a nurse at the Irwin County Detention Center but not named as a defendant herein, testifies by means of affidavit that she saw the Plaintiff on February 7, 2009 at the detention center and provided skin ointment for his complaints of skin irritation, although she did not observe any injury to Plaintiff beyond skin irritation. (Doc. 29, Exh. C, ¶¶ 4, 5). Thus, the Defendants have established that they provided medical care to the Plaintiff when the Plaintiff appeared to have or presented with a medical need. The Defendants have thus met their burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided for the Plaintiff following his fall in the shower. The burden now shifts to the Plaintiff to rebut the Defendants' summary judgment showing. *Celotex*, 477 U.S. at 324.

In response to the Defendants' Motion for Summary Judgment, the Plaintiff has submitted his sworn affidavit, wherein he states that on February 6, 2009, he was burned by hot water while in the shower at the Irwin County Detention Center and that he slipped and fell exiting the shower. Plaintiff testifies that the skin on his face began to blister and peel as a result of the hot water exposure, that he requested skin ointment and pain medication, and that both Defendant nurses denied his requests. Plaintiff provides that he requested medical assistance for his injuries from Defendant Nurse Howard on February 6th, and that Nurse Howard told Plaintiff that "she did not have anything to give me for the burns on my face and head and for severe pain". (Doc. 36, Plaintiff's affidavit at ¶ 3). Plaintiff testifies that he requested medical assistance again on February 8th and 9th, and was given an icepack for his shoulder pain on February 9th. Plaintiff states that he was taken to the hospital for x-rays on February 10th and was ultimately given skin ointment and pain medication on February 12th. Plaintiff maintains that he has a permanent scar on his face due to the burn and the delayed treatment thereof. *Id.* at ¶¶ 6-12.

Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to overcome the Defendants' summary judgment showing that the Defendant nurses did not act with deliberate indifference to any serious medical condition suffered by the Plaintiff. The Plaintiff has failed to rebut, and in fact agrees with, the evidence that he received medical attention and treatment for his alleged burn and shoulder injuries, including skin ointment, x-rays, and pain medication. Plaintiff simply argues that said treatment was delayed and that different treatment provided earlier would have resolved his conditions.

To the extent that the Plaintiff disagrees with the course of treatment provided by the Defendants, such disagreement over the proper course of medical treatment will not support a claim

of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). Furthermore, the Plaintiff has failed to establish that any delay in treating his skin or shoulder condition exacerbated the conditions. "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle*, 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). Herein, the Plaintiff has failed to rebut the Defendants' showing that they had no knowledge of a substantial likelihood of serious injury or harm to the Plaintiff by virtue of any delay in providing treatment. Defendant Howard testified to no knowledge or observation of any injury to Plaintiff and that she provided him with prescribed pain medication at the evening pill call on February 6, 2009. Defendant Cole provided transport for the Plaintiff to a hospital for x-rays of his shoulder, informed Plaintiff of the x-ray results, and made arrangements for skin creme and pain medication. The Plaintiff has failed to rebut

6

the Defendants' testimony and the evidence of record, including Plaintiff's own deposition testimony, establishing that the Plaintiff was provided with treatment for his medical conditions. *See* Plaintiff's depo. at pp. 30 -35 (Doc. 30). Furthermore, Plaintiff has failed to establish that any delay in treatment resulted in a worsening of his conditions.

## Conclusion

Based on the Plaintiff's failure to overcome the Defendants' summary judgment showing that Plaintiff was provided with medical care for his injuries and Plaintiff's failure to establish the exacerbating effect of any delay in treatment, it is the recommendation of the undersigned that the Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 27th day of August, 2010.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb